DECISION
This appeal concerns the real market value (RMV) of certain residential property for the 2008-09 tax year. The property is identified in the Clatsop County tax records as Account 56574.
A trial was held February 10, 2010. Howard A. Wells, Jr. testified for Plaintiffs. Connie McCleary, County Appraiser, and Scott Rutter, Chief Appraiser, participated for Defendant.
 I. STATEMENT OF FACTS
The subject property is a single family condominium located in Seaside, Oregon. The prior apartment complex was converted into condominium units in 2007. The subject unit has 1,027 square feet of living area with three bedrooms and two baths. (Def's Ex A at 7.)
The 2008-09 Clatsop County Board of Property Tax Appeals (BOPTA) affirmed Defendant's total RMV at $229,000. Plaintiffs seek $162,000 RMV. That is based on their acquisition price in October 2008.
Plaintiffs' evidence consisted of details of their acquisition as of October 2008, several months past the assessment date of January 1, 2008. They concede that property values in general were higher on the assessment date, but "have no idea" how to measure the incremental difference. Plaintiffs offered no trial exhibits. *Page 2 
Defendant's expert appraiser offered a brief review of pertinent market transactions. She was available at trial to answer questions and explain her adjustments. She examined six sales of comparable properties. They were offered to demonstrate that properties were selling near their listing prices around the assessment date. The subject's RMV is based on such a listing amount.
 II. ANALYSIS
The court's assignment is to determine the RMV of Plaintiffs' property as of January 1, 2008. ORS 308.205(1)[1] defines real market value as:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."
The court looks for "arm's length sale transactions of property similar in size, quality, age and location" to the subject property in order to reach a correct RMV. Richardson v. Clackamas County Assessor, TC-MD No 020869D, WL 21263620 *3 (Mar 26, 2003).
Plaintiffs in this case have presented evidence of their purchase of the property. However, it occurred long after the January 1, 2008, assessment date. It was not supported by companion sales data. There is no way for the court to accurately relate the sales price to the assessment date. It is clear, however, that the sales price alone cannot be used as the de facto 2008-09 RMV.
Defendant's evidence, on the other hand, was sketchy in its own manner. No direct sales were offered with necessary adjustments for differences.
Plaintiffs have the burden of proof and must establish their case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4 OTR 302, 312 (1971). *Page 3 
"[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." Reed v. Dept.of Rev., 310 Or 260, 265, 798 P2d 235 (1990). Plaintiffs in this case have not met that statutory requirement. Accordingly, their requested reduction in RMV must be denied.
 III. CONCLUSION
The court concludes that Plaintiffs have failed to establish by a preponderance of the evidence that their requested relief for the 2008-09 tax year is warranted. Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this ___ day of March 2010.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This Decision was signed by Magistrate Jeffrey S. Mattson on March 12,2010.
 The court filed and entered this Decision on March 12, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.